[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11353
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60158-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE WARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 4, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Clarence Ward appeals the district court's denial of his motion for a reduced

sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat.

5194, 5222 ("First Step Act"), arguing that the district court abused its discretion by

failing to consider the 18 U.S.C. § 3553(a) factors and basing its decision solely on the fact that he had already received executive clemency. After thorough review, we affirm.

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). While district courts generally lack the inherent authority to modify a term of imprisonment unless, for example, a statute expressly permits them to do so, 18 U.S.C. § 3582(c)(1)(B), the First Step Act expressly allows them to reduce a previously imposed term of imprisonment in certain circumstances. Jones, 962 F.3d at 1297. We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. Id. at 1296. A district court abuses its discretion by using an incorrect legal standard. Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015).

Before the First Step Act, Congress enacted the Fair Sentencing Act, on August 3, 2010, which amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"); see Dorsey v. United States, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder-cocaine offenses was

disproportional and reflected race-based differences).    Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  Accordingly, the current version of § 841(b)(1) provides that an individual with a prior conviction for a serious felony drug offense who commits a violation involving 28 or more but less than 280 grams of crack cocaine is subject to an imprisonment term of 10 years to life and a mandatory minimum term of 8 years of supervised release.  21 U.S.C. § 841(b)(1)(A), (B).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act.  See First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Id. §

3

404(a). The statute makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Id. § 404(c).

In Jones, we considered the appeals of four federal prisoners whose motions for a reduction of sentence pursuant to § 404(b) were denied in the district courts. 962 F.3d at 1293. We began by agreeing with the parties that the movants who received an executive grant of clemency were not ineligible for a reduction on that basis. Id. at 1296. Next, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). Id. at 1301. We explained, however, that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence because: (1) the district court cannot reduce a sentence where the movant received the lowest statutory penalty that would also be available to him under the Fair Sentencing Act; and (2) in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine the movant's statutory penalty at the time of sentencing. Id. at 1303.

We also emphasized that, although a district court may have the authority to reduce a sentence under Section 404 of the First Step Act, it is not required to do so. Id. at 1304. A district court has wide latitude to determine whether and how to exercise its discretion, and it may consider the § 3553(a) factors and a previous drug-

quantity finding made for the purposes of relevant conduct. Id. at 1301, 1304. The First Step Act does not, however, authorize a district court to conduct a plenary or de novo resentencing in which it reconsiders sentencing guideline calculations unaffected by §§ 2 and 3 of the Fair Sentencing Act. United States v. Denson, 963 F.3d 1080, 1089 (11th Cir. 2020).

In initial sentencing proceedings and the like, where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013).[1] Indeed, a sentence may be affirmed so long as the record indicates that the district court considered a number of the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

error of judgment in considering the proper factors. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Further, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others may be a symptom of an unreasonable sentence. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

For starters, we note that under Jones, the commutation of Ward's sentence did not render him ineligible for a sentence reduction under the First Step Act. See 962 F.3d at 1296. We also note that the record reflects, and the parties agree, that the district court's denial of Ward's motion was based on its determination that it would not exercise its discretion to grant a sentence reduction regardless of whether he was eligible for one. Thus, the only question before us is whether the district court abused its discretion in denying Ward's motion.

We do not believe the district court abused its discretion in this case. In Jones, we held that district courts may consider the § 3553(a) factors in connection with sentence-reduction requests under the First Step Act, but we have not addressed whether district courts must do so. See Jones, 962 F.3d at 1304. Regardless, even if the district court was required to consider the § 3553(a) factors, the record indicates that it adequately considered them. For example, the district court noted that the Fair Sentencing Act changed the statutory penalties to which Ward was subject; it commented that Ward's range remained the same even after the Fair

Sentencing Act; it observed that Ward's current sentence was well below the applicable guideline range; it highlighted the commutation of Ward's sentence; and it summarized the relevant procedural history, including Ward's convictions. These observations, taken together, indicate that the district court considered the kinds of sentences available, Ward's guideline range, the need for the sentence to reflect the seriousness of the offense and provide just punishment, Ward's history and characteristics, and the nature and circumstances of the applicable offenses, among other things. See 18 U.S.C. § 3553(a)(1)-(4). Thus, even if the district court was required to consider the § 3553(a) factors, its consideration of those factors was sufficient under our case law. See Dorman, 488 F.3d at 944.

As for Ward's claim that the district court did not expressly cite the § 3553(a) factors, it was not required to discuss each of the factors or explicitly state that it had considered each of them. See Kuhlman, 711 F.3d at 1326. Ward also argues that the district court focused solely on the commutation of his sentence, but, as we've detailed, the record makes clear that the district court considered a number of other factors as well. And to the extent the district court may have weighted the commutation more heavily than other factors, it had the discretion to determine how much weight to assign to each of the applicable factors. Croteau, 819 F.3d at 1309. Accordingly, we affirm.

**AFFIRMED.**